# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROLANDO MARTINEZ BAUTISTA<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN CERUTTI CORPORATION, OFFICINE MECCANICHE GIOVANNI CERUTTI, S.p.A, CERUTTI PACKAGING EQUIPMENT, S.p.A, ABC CORP-XYZ CORP (a series of fictitious names) and DEF CORP-GHI CORP (a series of fictitious names)<br><br>Defendant. | Civil Action No.  2:14-cv-2141(CCC)(MF)<br><br><br>*Filed Electronically*<br><br><br><br>**Return Date:  January 5, 2015**<br>**Oral Argument Requested** |

---

### BRIEF IN SUPPORT OF DEFENDANT, OFFICINE MECCANICHE GIOVANNI CERUTTI, S.P.A'S, MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

---

Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
973.535.0500
973.535.9217
*Attorneys for Defendant, North American Cerutti Corporation and Officine Meccaniche Giovanni Cerutti, S.p.A.*

*Of Counsel:*
Jeffrey W. Moryan, Esq.

*On the Brief:*
Jeffrey W. Moryan, Esq.
Stacie L. Powers, Esq.

3280756-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

LEGAL ARGUMENT ............................................................................................... 5

    PLAINTIFF'S FIRST AMENDED COMPLAINT MUST BE DISMISSED
    AS TO OFFICINE MECCANICHE GIOVANNI CERUTTI, S.p.A.
    BECAUSE THE COURT LACKS *IN PERSONAM* JURISDICTION OVER
    THE DEFENDANT.    5

    A.  The First Amended Complaint Must Be Dismissed Because There is
        No General Jurisdiction Over Officine Meccaniche Giovanni Cerutti,
        S.p.A. ...................................................................................................7

    B.  The First Amended Complaint Must Be Dismissed Because There is
        No Specific Jurisdiction Over Officine Meccaniche Giovanni Cerutti,
        S.p.A. .................................................................................................11

CONCLUSION......................................................................................................... 15

3280756-1

## TABLE OF AUTHORITIES

*Cases*

*Asahi Metal Indus. Co. Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987).................. 11, 13, 14

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ...................................................... 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).................................................................................. 7, 8, 10, 11

*Hanson v. Denckla*, 357 U.S. 235 (1958) ............................................................ 6, 13

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958))).................................................... 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).................................................................................................. 6

*IMO Indus. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ........................................ 5

*IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) ................................ 6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and *Helicoperos*, 466 U.S. at 408 ...................................................................... 7

*J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ..................... 11, 12, 13

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.5 (1984).............................. 5

*Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990)............................ 5

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 100 (3d. Cir. 2004) .......................... 6

*Nicastro v. McIntyre Machinery America, Ltd.*, 201 N.J. 48, 76 (2010) ..................... 11

*Oticon, Inc. v. Sebotek Hearing Systems, LLC*, 865 F. Supp. 2d 501 (D.N.J. 2011) .......................................................................................... 12

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1951) ........................... 6

*Pink v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)) ............................. 7

*Prinzivalli v. Aruba Phoenix Beach Resort*, 2009 U.S. Dist. LEXIS 129844 (D.N.J. 2009) ............................................................................ 6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)............................ 8

***Statutes***

28 U.S.C. §1332.......................................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff, Rolando Martinez Bautista ("Plaintiff"), instituted this action on March 6, 2014 alleging that he sustained personal injuries as a result of an accident that occurred while he was in the course of his employment with J. Josephson, Inc.  Specifically, Plaintiff asserted claims against North American Cerutti Corporation ("North American Cerutti") alleging that it owned, operated, designed, constructed, maintained, managed, cared for, possessed and controlled a certain printing press machine upon which Plaintiff was injured.  North American Cerutti is a corporation organized under the laws of Delaware, with its principal place of business in Wisconsin.  After North American Cerutti filed its Rule 7.1 Corporate Disclosure Statement, identifying its parent company as Officine Meccaniche Giovanni Cerutti, S.p.A. ("Officine Meccaniche"), Plaintiff filed a First Amended Complaint naming Officine Meccaniche and Cerutti Packaging Equipment, S.p.A. ("Cerutti Packaging") as Defendants.

Officine Meccaniche is an Italian corporation with its place of business located in Casale Monferrato, Italy.  Officine Meccaniche manufactured the subject printing press in 1977 and sold it to a company located in Charlotte, NC.  Officine Meccaniche did not sell the subject machine to Plaintiff's employer and has no business dealings in New Jersey.

Plaintiff's First Amended Complaint must be dismissed as to Officine Meccaniche pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks jurisdiction over Defendant.  Plaintiff has failed to establish a basis for this Court to exercise either specific or general jurisdiction over Officine Meccaniche.  Accordingly, Officine Meccaniche respectfully requests that its Motion to Dismiss be granted.

1

## STATEMENT OF FACTS

1.     This matter arises from an alleged accident that occurred on September 4, 2013 while Plaintiff, Rolando Martinez Bautista, was in the course of his employment at J. Josephson, Inc., located at 35 Empire Boulevard, South Hackensack, New Jersey. (Certification of Stacie L. Powers (hereinafter "Powers Cert."), Exhibit A (hereinafter "Compl.") First Count, ¶1).

2.     Specifically, Plaintiff's Complaint alleged North American Cerutti Corporation, ABC Corp. - XYZ Corp. (a series of fictitious names), DEF Corp - GHI Corp. (a series of fictitious names) are the manufacturers, designers, distributors, or successors in interest of the manufacturers, designers and distributors of a certain machine identified as a "six color printing press machine" that was involved in the injury to the plaintiff." (Compl. ¶3).

3.     Upon removing the case from Superior Court of New Jersey to Federal District Court, Defendant, North American Cerutti, filed the requisite Rule 7.1 Corporate Disclosure Statement on April 10, 2014.  North American Cerutti identified Officine Meccaniche Giovanni Cerutti, S.p.A. as its parent company. (Powers Cert., Exhibit B).

4.     On July 29, 2014, Plaintiff filed a First Amended Complaint naming Officine Meccaniche Giovanni Cerutti, S.p.A. and Cerutti Packaging Equipment, S.p.A. as Defendants in this matter. (Powers Cert., Exhibit C (hereinafter "Amended Compl.")).

5.     The Amended Complaint contains allegations that North American Cerutti, Officine Meccaniche and Cerutti Packaging "supplied or placed into the stream of commerce a certain Cerutti Printing Machine that plaintiff came to use during his course of employment." (Amended Compl., First Count, ¶3).

6.     The Seventh Count of the Amended Complaint sets forth that "the machine implicated in this matter, a 6-color printing press, was equipped with pneumatically actuated doctor blades.  The pneumatic actuators extend and retract to move the doctor blade with the

2

print station and the actuator forms a pinch point when it retracts.  Plaintiff's finger was caught in this pinch point causing his injuries." (Amended Compl., Seventh Count, ¶3).

7.     Plaintiff is a resident of New Jersey.  (Amended Compl., ¶2).

8.     Plaintiff's Amended Complaint contains no allegation pertaining to the location, incorporation, organization or operation of Officine Meccaniche.

9.     Officine Meccaniche is located in Casale Monferrato, Italy. (Certification of Giancarlo Cerutti (hereinafter "Cerutti Cert.") ¶3).

10.    Officine Meccaniche does not have any office or own any property in New Jersey. (Cerutti Cert. ¶6).

11.    Officine Meccaniche does not pay taxes in New Jersey.  (Cerutti Cert. ¶7).

12.    Officine Meccaniche does not have a registered agent for service of process in New Jersey. (Cerutti Cert. ¶8).

13.    Officine Meccaniche does not directly advertise in New Jersey.  It maintains a website (www.cerutti.it), which could be accessed by anyone anywhere in the world.  (Cerutti Cert. ¶9).

14.    Officine Meccaniche has no record of any employee traveling to New Jersey to conduct business or attend trade shows, etc. (Cerutti Cert. ¶10).

15.    Officine Meccaniche did not sell the machine at issue (22 rotogravure printing press, 1584) to Plaintiff's employer, J. Josephson, Inc. (Cerutti Cert. ¶12).

16.    Officine Meccaniche manufactured the subject machine in 1977 and sold it to Sublicolor in Charlotte, North Carolina. (Cerutti Cert. ¶13).

17.    Officine Meccaniche did not ship the subject machine to New Jersey and has no knowledge as to how the machine came to be located at J. Josephson, Inc. (Cerutti Cert. ¶14).

18.     Officine Meccaniche does not have any knowledge of ever performing any type of maintenance or service upon the subject machine while it was located in New Jersey.   It maintains records from 2003 to the present and there is no indication of any such activity. (Cerutti Cert. ¶15).

19.     As indicated in North American Cerutti's Rule 7.1 Corporate Disclosure Statement, Officine Meccaniche is the parent corporation of North American Cerutti.   North American Cerutti is a subsidiary corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Wisconsin.  (Cerutti Cert. ¶5).

4

## LEGAL ARGUMENT

### PLAINTIFF'S FIRST AMENDED COMPLAINT MUST BE DISMISSED AS TO OFFICINE MECCANICHE GIOVANNI CERUTTI, S.p.A. BECAUSE THE COURT LACKS *IN PERSONAM* JURISDICTION OVER THE DEFENDANT.

Defendant, North American Cerutti, removed this matter from Superior Court of New Jersey on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. The Third Circuit explained the process to determine whether a federal court sitting in diversity in New Jersey can exercise personal jurisdiction over a defendant in *IMO Indus. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998).

> In brief, to exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process.

*Id.* at 258-59.    In New Jersey, personal jurisdiction may be obtained in any manner consistent with "due process of law," and as such, New Jersey courts look to federal law to determine the limits on *in personam* jurisdiction. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990) ("The New Jersey Supreme Court has made it clear that New Jersey courts look to federal law for interpretation of the limits on *in personam* jurisdiction."). Furthermore, the determination of personal jurisdiction must be performed individually for each defendant in a matter, and cannot be considered in the aggregate. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.5 (1984) ("Each defendant's contacts with the forum state must be assessed individually.").

3280756-1

A plaintiff may request that a court exercise personal jurisdiction over a non-resident defendant either by specific personal jurisdiction or general personal jurisdiction. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 100 (3d Cir. 2004) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "Regardless of whether a court exercises specific or general jurisdiction, it must be established that the defendant 'has purposely directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Prinzivalli v. Aruba Phoenix Beach Resort*, 2009 U.S. Dist. LEXIS 129844 (D.N.J. 2009) (citing *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958))).

When a defendant has contacts with the state that are "substantial . . . continuous and systematic," a court may exercise general jurisdiction over that defendant, thereby permitting a plaintiff to sue the defendant in a cause of action that does not arise out of the defendant's contacts with the state. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1951). However, if general jurisdiction is not established, then the plaintiff must demonstrate that the cause of action arises out of or relates to defendant's contacts. *Helicopteros*, 466 U.S. at 414 n.8 (citation omitted) ("[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant.").

Furthermore, when no evidentiary hearing is held to determine the question of jurisdiction, the plaintiff needs to establish a "a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its

favor." *Miller Yacht Sales*, 384 F.3d at 97 (citing *Pink v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

In the present matter, Plaintiff failed to establish a *prima facie* case of personal jurisdiction over Officine Meccaniche under either a general or specific theory of personal jurisdiction and, therefore, the First Amended Complaint should be dismissed.

**A.    The First Amended Complaint Must Be Dismissed Because There is No General Jurisdiction Over Officine Meccaniche Giovanni Cerutti, S.p.A.**

Our Supreme Court recently addressed whether personal jurisdiction exists over a corporate subsidiary when its parent corporation is located within the United States.   In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), the question presented was whether a foreign subsidiary of a United States parent corporation was amenable to suit in state court on claims unrelated to any activity of the subsidiary in the forum State.   The case involved a wrongful death suit brought on behalf of two boys from North Carolina who were killed in a bus accident outside Paris, France.   The accident was allegedly due to a defective tire manufactured at the plant of a foreign subsidiary of the Goodyear Tire and Rubber Company ("Goodyear") in Turkey.   *Id.*   Goodyear was incorporated in Ohio but had plants in North Carolina and regularly engaged in commercial activity there.   The foreign subsidiary maintained, however, that North Carolina lacked adjudicatory authority over it.   *Id.*

The Court reiterated the distinction between general and specific jurisdiction, as developed in the wake of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and *Helicoperos,* 466 U.S. at 408.   "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. 2846, 2851 (citing *International Shoe*, 326 U.S. at 317).

7

"Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citing von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L. Rev. 1121, 1136 (1966)).

In *Goodyear*, it was unquestionable that specific jurisdiction was lacking over Goodyear's subsidiary in North Carolina, as the accident occurred in France and the tire alleged to have caused the accident was manufactured and sold abroad. *Id.* The North Carolina court, however, mistakenly blended general and specific jurisdictional inquiries in reaching its conclusion that general jurisdiction was present by virtue of some tires manufactured by the Turkish subsidiary arriving in North Carolina through the "stream of commerce." The Supreme Court overturned the finding of jurisdiction under the stream of commerce theory, noting that a connection so limited is an inadequate basis for the exercise of general jurisdiction. *Id.* Flow of a manufacturer's products into the forum may bolster an affiliation germane to specific jurisdiction only, as opposed to general jurisdiction. *Id.* at 2855. Even in connection with a finding of specific jurisdiction, the sale of the product cannot simply be an isolated occurrence, but rather an effort of the manufacturer or distributor to serve the market. *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).

The Court noted that Goodyear's foreign subsidiary was not registered to do business in North Carolina. It had no place of business, employees or bank accounts in North Carolina. It did not design, manufacture or advertise its products in North Carolina. It did not solicit business in North Carolina or sell or ship tires to North Carolina Customers. A small percentage of its tires were distributed within North Carolina by other Goodyear affiliates. *Id.* at 2852.

Likewise in the recent case of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Supreme Court also declined to find general jurisdiction over a foreign parent corporation on the basis of its subsidiary's connection with the forum state. In *Daimler*, the plaintiffs brought suit in United States District Court for the Northern District of California against DaimlerChrysler Aktiengesellscaft ("Daimler"), a German publicly traded company. The complaint alleged that Daimler's Argentinian subsidiary, Mercedes-Benz Argentina ("Mercedes") collaborated to commit certain human rights violations against Mercedes workers in Argentina during the "Dirty War." Jurisdiction was predicated upon the California contacts of Mercedes-Benz USA, LLC ("MBUSA"), a subsidiary of Daimler, incorporated in Delaware with its principal place of business in New Jersey. *Id.* at 751.

MBUSA served as Daimler's exclusive importer and distributor in the United States, distributing Mercedes-Benz vehicles to independent dealerships located throughout the nation. MBUSA had multiple California-based facilities and was the largest supplier of luxury vehicles to the California market. It was assumed for purposes of the motion, that MBUSA was "at home" in California because Daimler never objected to a finding of all-purpose jurisdiction over MBUSA in the court below. *Id.* at 758.

Even against this backdrop, the Supreme Court overruled the Ninth Circuit's utilization of agency principles to support its finding of personal jurisdiction over Daimler. The Ninth Circuit's finding of an agency relationship for purposes of personal jurisdiction rested upon its observation that MBUSA's services were important to Daimler and Daimler would have had to perform those services if MBUSA did not exist. *Id.* at 759. The Supreme Court reversed, noting that such an interpretation would subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, which is an outcome that goes "beyond even the

9

'sprawling view of general jurisdiction' rejected in *Goodyear*." *Id.* The Court stated "...the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 761 (citing *Goodyear*, 564 U.S., at ___, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796, 803).

In the matter at bar, Plaintiff's First Amended Complaint contains no allegation that the New Jersey court has personal jurisdiction over Officine Meccaniche. It appears, however, that Plaintiff's misplaced theory is to premise a finding of personal jurisdiction upon the fact that Officine Meccaniche has a subsidiary, North American Cerutti, within the United States. As indicated above, North American Cerutti is incorporated in Delaware and has a principle place of business in Wisconsin. The Supreme Court's holding in *Daimler* clearly eviscerates the notion that personal jurisdiction over a foreign parent corporation can be premised upon agency theory absent some activity of the parent in the forum State. In *Daimler*, the subsidiary's uncontested presence in California was still insufficient to warrant a finding of general jurisdiction over the parent.

Like the parent corporation in *Daimler*, Officine Meccaniche has no presence within the State of New Jersey. It does not have an office, own property or pay taxes in New Jersey. It does not advertise in New Jersey. It does not send its employees to conferences or trade shows in New Jersey. It did not sell the subject machine to anyone in New Jersey. In fact, the machine was sold 37 years ago to a company located in Charlotte, NC. In light of these facts, there is no basis to find personal jurisdiction over Officine Meccaniche in New Jersey and dismissal from the present action is necessary.

3280756-1

**B.     The First Amended Complaint Must Be Dismissed Because There is No Specific Jurisdiction Over Officine Meccaniche Giovanni Cerutti, S.p.A.**

Since it is undisputed that Officine Meccaniche did not sell the subject machine in New Jersey, a finding of specific personal jurisdiction would have to be premised upon the stream of commerce theory.   In *Asahi Metal Indus. Co. Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987), the Supreme Court stated that mere "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state."  Some additional conduct on the part of the defendant evidencing intent to serve the forum is necessary.  The courts may look at factors including whether defendant designed the product for the market in the forum State, whether defendant advertised in the forum State, whether defendant created channels for providing regular advice to customers in the forum State and whether defendant marketed the product through a distributor who has agreed to serve as the sales agent in the forum State.  *Id.*  In *Asahi* the foreign manufacturer did nothing to satisfy these factors and the Court found that an exertion of personal jurisdiction would exceed the limits of due process.  *Id.* at 113.

In *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), decided the same day as the *Goodyear* case, the Supreme Court addressed whether a foreign manufacturer could be sued in New Jersey court for an injury that occurred in New Jersey as the result of an alleged product defect in a machine that was manufactured in England.  The New Jersey Supreme Court mistakenly held that New Jersey's courts can exercise jurisdiction over a foreign manufacturer of a product as long as the manufacturer 'knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states.'"  *Id.* at 2785 (citing *Nicastro v. McIntyre Machinery America, Ltd.*, 201 N.J. 48, 76 (2010)).  In overruling the New Jersey court, the Supreme Court stated that in

11

"products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with "traditional notions of fair play and substantial justice." *Id.* at 2787. The sole relevant determination was whether the manufacturer's contacts with New Jersey, not with the United States, were sufficient to warrant an exercise of jurisdiction in New Jersey under the stream of commerce theory.

The Court noted that the manufacturer, J. McIntyre, attended annual conventions in the United States, but never in New Jersey. It had manufactured only four machines that ended up in New Jersey, including the one that was the subject of suit. *Id.* at 2786. Additionally, J. McIntyre had no office in New Jersey. It did not pay taxes, advertise or send any employees to New Jersey. The trial court found that the manufacturer did not have a single contact with New Jersey short of the machine in question ending up there. *Id.* at 2790. Due to the lack of intent to invoke or benefit from the protection of New Jersey law, the Court found an exercise of jurisdiction over J. McIntyre would violate due process. *Id.* at 2791.

Shortly after the Supreme Court's holding in *J. McIntyre*, The District Court for the District of New Jersey decided a similar case under the stream of commerce theory. In *Oticon, Inc. v. Sebotek Hearing Systems, LLC*, 865 F. Supp. 2d 501 (D.N.J. 2011), Judge Wolfson authored an opinion that thoroughly discussed the prerequisites for a finding of personal jurisdiction. Defendant, Sound Design Technologies, Ltd. ("SDT") was sued by Oticon, Inc., a California corporation with its principal place of business in New Jersey, for allegedly infringing upon its patent of certain technology to be used in development of hearing aids. SDT filed a motion to dismiss for lack of personal jurisdiction, as it was a Canadian corporation with its principal place of business in Ontario, Canada. *Id.* at 505. The court noted that a finding of personal jurisdiction has three components:

> First, the defendant must have purposefully directed its activities at the forum state.  Second, the litigation must 'arise out of or relate to' at least one of those activities.  Finally, if the prior two requirements are met, the court must consider whether the exercise of jurisdiction would offend '[p]rinciples of fair play and substantial justice.

*Id.* at 510 (citations omitted).  Additionally, "the 'unilateral activity of those who claim some relationship with a nonresident defendant is insufficient.'"  *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)).  The court recognized that in addition to direct and intentional contact with the forum, *Asahi* created another route whereby specific personal jurisdiction could be maintained over a foreign defendant.  Under the stream of commerce theory, a corporation could be sued in the forum if it delivered its products into the stream of commerce with the expectation that they would be purchased by consumers in the forum.  Judge Wolfson noted that *Asahi* was a plurality opinion, which enunciated two different tests for establishing jurisdiction under a stream of commerce theory. The subsequent Supreme Court opinion in *J. McIntyre*, however, clarified the stream of commerce test.  *J. McIntyre* essentially adopted Justice O'Connor's approach in *Asahi*, which set forth that mere expectation that goods may be sold as part of the final product in the forum is insufficient to give rise to personal jurisdiction.  The plaintiff must also establish some conduct by the defendant that indicates an intent or purpose to serve the market of that forum.  *Id.* at 511.  Under the post-*J. McIntyre* stream of commerce theory, five sales of SDT's hearing aids in New Jersey were held insufficient to warrant a finding of personal jurisdiction.  *Id.* at 514.

In the present matter, Plaintiff's Amended Complaint alleges Defendants "supplied or placed into the stream of commerce a certain Cerutti Printing Machine that plaintiff came to use during his course of employment." (Amended Comp., First Count, ¶3).  Plaintiff does not allege that Officine Meccaniche sold the subject machine to Plaintiff's employer, J. Josephson, Inc.  In fact, Giancarlo Cerutti certified that the subject machine was manufactured in 1977 and sold to

13

another company in North Carolina. Like in *J.McInyre*, the machine Plaintiff was injured upon fortuitously wound up in New Jersey through no efforts of Officine Meccaniche. Under *Asahi* and the line of cases cited herein, placing its product in the stream of commerce by selling to a North Carolina company is insufficient to sustain a finding of personal jurisdiction in New Jersey. Officine Meccaniche did not purposefully avail itself of the privilege of conducting activities within the form state and cannot be subject to personal jurisdiction within New Jersey. Accordingly, Officine Meccaniche respectfully submits that its Motion to Dismiss Plaintiff's First Amended Complaint must be granted.

3280756-1

## CONCLUSION

For all the foregoing reasons, Defendant, Officine Meccaniche, respectfully requests that the Court grant this Motion to Dismiss for lack of *in personam* jurisdiction.

BY: _____
Stacie L. Powers
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
973.535.0500
973.535.9217
*Attorneys for Defendant, North American Cerutti Corporation and Officine Meccaniche Giovanni Cerutti, S.p.A.*

DATE:   December 12, 2014

15

3280756-1